UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

NICOLLE L. CONYERS )
)
Plaintiff, )
)
v. ) Civil Action No. 3:15CV297–HEH
)
VIRGINIA HOUSING )
DEVELOPMENT AUTHORITY, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
(Granting Defendants' Motion to Dismiss;
Denying Plaintiff's Motion for Leave to File Second Amended Complaint)

This action arises from *pro se* Plaintiff Nicolle L. Conyers's alleged wrongful termination from her employment at the Virginia Housing and Development Authority ("VHDA") in 2010. Conyers initially filed suit in 2012, naming VHDA, Christine Cavanaugh, and Mark McBride as defendants, and alleging employment discrimination on the basis of race and/or sex, and retaliation. *See Conyers v. Virginia Housing and Development Authority, et al.*, Civil Action No. 3:12CV458–JRS (E.D. Va. filed June 22, 2012). The Court granted summary judgment in favor of the defendants, and the Court of Appeals for the Fourth Circuit affirmed that decision.

Disappointed with the outcome of the 2012 litigation, on July 9, 2014, Conyers, again, filed suit against VHDA, alleging that VHDA, her former employer, unlawfully discriminated against her based on her sex and race with respect to her compensation, in violation of 42 U.S.C. § 1981 and the Lilly Ledbetter Fair Pay Act of 2009. *See Conyers v. Virginia Housing and Development Authority*, Civil Action No. 3:14CV489–HEH (E.D. Va.

filed July 9, 2014). VHDA moved to dismiss, arguing that claim preclusion barred Conyers's wage discrimination claims. The Court granted the motion, finding that because such claims arose from the same factual circumstances as her initial discrimination and retaliation claims, claim preclusion barred her action.[1]

Conyers filed the above-captioned matter on May 15, 2015 (ECF No. 1), and a First Amended Complaint was filed on June 24, 2015 (ECF No. 6). Conyers's First Amended Complaint names as defendants VHDA, and three VHDA employees: Barbara Blankenship, Chris Cavanaugh, and Mark McBride. The First Amended Complaint alleges eight causes of action: (1) denial of due process in violation of the Fifth Amendment; (2) deprivation of a property right in employment in violation of the Fifth Amendment; (3) violation of equal protection under the Fourteen Amendment; (4) fraudulent misrepresentation; (5) negligent misrepresentation; (6) fraudulent suppression and concealment; (7) breach of duty to disclose; and (8) breach of implied covenant of good faith and fair dealing.[2]

On July 2, 2015, Conyers filed a Motion for Leave to File to, again, amend her complaint, attaching a memorandum in support thereof and a proposed Second Amended Complaint (ECF No. 7). Through the Second Amended Complaint, Conyers seeks to add as a defendant Judson McKellar, Jr., who she alleges was the general counsel VHDA when Conyers's employment was terminated. She also seeks to add a ninth cause of action for

---

[1] Conyers did not appeal to the Fourth Circuit.
[2] The First Amended Complaint also requests that the Court vacate its prior judgment in her 2012 case: *Conyers v. Virginia Housing and Development Authority, et al.*, Civil Action No. 3:12CV458-JRS (E.D. Va. closed February 26, 2013). To the extent that Conyers's First Amended Complaint may be construed as a Motion to Alter or Amend the Judgment under Rule 59(e) of the Federal Rules of Civil Procedure, that motion is untimely and will be denied. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment.").

2

legal malpractice, alleging that Mr. McKellar engaged in, and concealed, "the fraud" which ultimately led to Conyers's termination. (Proposed 2d Am. Compl. ¶ 88, ECF No. 7-1.)

On July 21, 2015, Defendants VHDA, Barbara Blankenship, Chris Cavanaugh, and Mark McBride (collectively, "Defendants") jointly filed a Motion to Dismiss Plaintiff's First Amended Complaint with a memorandum in support thereof (ECF Nos. 8, 9), seeking dismissal of the First Amended Complaint based on the doctrine of claim preclusion and/or the applicable statutes of limitations. For the same reasons, Defendants urge the Court to deny Conyers's Motion for Leave to File a Second Amended Complaint, as such an amendment would be futile. This Court agrees that claim preclusion bars the present litigation.[3]

The doctrine of claim preclusion "dictates that there be an end to litigation," and bars subsequent litigation of the same claim. *United States v. Mumford*, 630 F.2d 1023, 1027 (4th Cir. 1980). Claim preclusion "bars the relitigation of claims that were raised or could have been raised in the prior litigation." *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999). Not only does *res judicata* bar claims that were raised and fully litigated, but the doctrine of claim preclusion also prevents litigation of "all grounds for . . . recovery that were previously made available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991). A finding of claim preclusion, permitting dismissal, requires that: 1) the prior judgment be final and on the merits, and rendered by a court of competent jurisdiction; 2) the parties be identical, or in privity, in both actions; and 3) the claims in the second

---

[3] Because the Court has adequately set forth the relevant facts underlying this action, as well as the applicable standard of review, in its prior opinions, it will not do so here.

3

matter—or in this case, the third matter—be based upon the same nucleus of operative facts involved in the earlier proceeding. *Pittston*, 199 F.3d at 704 (quotation marks and citations omitted).

In all three matters—the 2012, 2014, and the present litigation—Conyers names VHDA and/or its employees as defendants. Importantly, each case presents claims arising from Conyers's same period of employment with VHDA and her 2010 termination therefrom. Because the claims that Conyers now asserts existed at the time she initially filed suit in 2012, and that suit was adjudicated on the merits, she cannot now litigate these claims. Although Conyers may not have thought to bring these additional claims when she first filed suit in 2012, "[f]or [claim preclusion] purposes, . . . it is the existence of the claim, not awareness of it, that controls." *Keith v. Aldridge*, 900 F.2d 736, 740 n.5 (4th Cir. 1990) (quotation marks and citations omitted). Accordingly, claim preclusion bars this suit and Conyers's First Amended Complaint will be dismissed.

For the same reasons, Conyers's Motion for Leave to File a Second Amended Complaint will be denied as futile. While Rule 15 of the Federal Rules of Civil Procedure provides that parties should "freely" be given leave to amend their pleadings "when justice so requires," Fed. R. Civ. P. 15(a)(2), the Fourth Circuit has explained that "[a] motion to amend should be denied . . . where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001)). An amendment is futile when a proposed amended complaint fails to state a claim upon which the Court may grant relief. *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Such is the case here.

Conyers's proposed Second Amended Complaint seeks to add an additional defendant, VHDA's then-general counsel, and an additional cause of action for legal malpractice, relating to events giving rise to Conyers's termination from VHDA in 2010. Because the alleged actions by the proposed defendant and the malpractice claim, "arise from the same transaction or series of transactions as the claim[s] resolved" in Conyers's 2012 case, *Pittston*, 199 F.3d at 704, such claim would also be barred by the doctrine of claim preclusion. Thus, the proposed amendment is futile, and will be denied.[4]

Because the eight causes of action presented in Conyers's First Amended Complaint, and the ninth cause of action set forth in her proposed Second Amended Complaint are barred by the doctrine of claim preclusion, this Court will grant Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and deny Conyers's Motion for Leave to File Second Amended Complaint.

Conyers is advised that all claims related to her employment with, and subsequent termination from, VHDA, regardless of the theory of recovery, must have been joined in her initial lawsuit, and any future filings related to these same factual circumstances will meet the same fate—dismissal under the doctrine of claim preclusion.

An appropriate Order will accompany this Memorandum Opinion.

Dated: Aug 11 2015  
Richmond, Virginia

/s/  
Henry E. Hudson  
United States District Judge

---

[4] Defendants' Motion to Dismiss also argues that Conyers's claims are barred by the applicable statutes of limitations, as two- or three-year limitations periods apply to each of the eight causes of action, all of which accrued when Conyers's employment was terminated on December 9, 2010. Because the Court finds that claim preclusion bars Plaintiff's suit, further analysis regarding the applicability of the statutes of limitations is unnecessary.

5